IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMERICAN GENERAL LIFE INSURANCE COMPANY,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**FAUSTO FERNANDEZ, an Individual, et. al.,** )<br>)<br>)<br>**Defendants.** )<br>_____ ) | 1:08-cv-1470 AWI DLB<br><br>**ORDER ON DEFENDANTS' MOTION TO TRANSFER VENUE, AND ORDER VACATING HEARING DATES OF MAY 11, 2009, and JUNE 1, 2009**<br><br>(Doc. No. 43) |

Plaintiff American General Life Insurance Company ("AGL") filed this lawsuit for declaratory judgment and seeks to rescind four life insurance contracts on the basis of fraud. The Docket in this case shows two pending motions: Defendant Wells Fargo's motion to transfer venue, and Wells Fargo's motion to dismiss.[1] Hearing on the motion to transfer is set for May 11, 2009. Hearing on the motion to dismiss is set for June 1, 2009. For the reasons that follow, Wells Fargo's motion to transfer venue will be granted and this case will be transferred to the Central District of California, the hearings on the motions will be vacated, and this Court will not rule on the motion to dismiss in light of the transfer.

---

[1] The Court notes that AGL voluntarily dismissed Defendants Nelia Lopez and Brian Buchanan on April 2, 2009. See Court's Docket Doc. Nos. 41, 52. Lopez and Buchanan joined the motion to transfer and the motion to dismiss. However, because the dismissal notice was automatically effective without the necessity of a court order, see Fed. R. Civ. Pro. 41(a)(1)(A)(i); In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165 (3d Cir. 2008); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997), they were no longer part of the case when they filed their joinder. Lopez and Buchanan remain dismissed.

# DEFENDANT'S MOTION TO TRANSFER VENUE

*Wells Fargo's Motion*

Wells Fargo seeks to transfer venue under 28 U.S.C. § 1404(a) and supports its motion with a substantial declaration. According to Wells Fargo, this lawsuit is one of eight that seek to rescind dozens of life insurance policies that were (allegedly) fraudulently submitted by Defendants Khachatourians, Khrlobian, Prolinks Insurance Company, and Lighthouse Insurance Marketing. Seven of the eight lawsuits were filed in the Central District of California and have been related, and three of the eight lawsuits were brought by AGL. AGL filed this lawsuit in the Eastern District of California because four of the eleven defendants reside in the district. Wells Fargo contends that a convenience transfer under 28 U.S.C. § 1404(a) is appropriate because: seven of the eleven defendants reside in the Central District, most of the witnesses reside in the Central District, the insurance agents who submitted the fraudulent applications and their companies are in the Central District, the computer files and books and records are in the Central District, and this lawsuit arises from the same set of facts and involve many of the same parties as the currently pending seven cases in the Central District. Wells Fargo also represents that AGL has agreed to transfer the case to the Central District.

*Oppositions*

The time for filing oppositions was April 27, 2009, and no party has filed an opposition to Wells Fargo's transfer motion.

*Legal Standard*

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This statute partially displaces the common law doctrine of *forum non conveniens*. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Miskow v. Boeing Co., 664 F.2d 205, 207 (9th Cir. 1981). The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); Kawamoto v. C.B. Richard Ellis, Inc., 225

F.Supp.2d 1209, 1213 (D. Haw. 2002). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case by case consideration of convenience and fairness.'" Stewart Organization, Inc. v. RICOH Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376 U.S. at 622). In order to transfer a case under § 1404(a), the "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." See Decker, 805 F.2d at 843. The Ninth Circuit has explained:

> A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis . . . [and] the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). The Court may also consider the convenience of parties and witnesses, feasability of consolidation of other claims, local interest in the controversy, and the court congestion of the two forums. See Williams v. Bowman, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001).

*Discussion*

After considering the factors outlined in *Jones*, the Court believes that transfer is appropriate. No evidence has been presented regarding the difference in the cost of litigation, both the Eastern District and the Central District appear to be equally familiar with the governing law, there appears to be no forum selection clause involved, and it is unknown if there are non-party witnesses outside the compulsory process power of the Central District. However, to the extent that these factors are neutral and/or weigh against transfer, they are substantially outweighed because: (1) this case arises in part from conduct in the Central District of California; (2) seven of the named defendants reside in the Central District; (3) the four defendants who reside in the Eastern District have not opposed the motion to transfer; (4) AGL is agreeable to the transfer and has filed no opposition (thus negating its original choice of venue); (5) a significant

amount of proof and documents are located in the Central District; (6) this case is related to seven other lawsuits that are pending in the Central District and have been related; (7) this Court has a significantly congested docket; (8) it appears that most discovery, including depositions, will occur in the Central District; and (9) the Central District has a substantial interest in this case since it involves an alleged, substantial, fraudulent scheme that was conceived in and orchestrated from Los Angeles.  Accordingly, the Court finds that it is in the interest of justice to transfer this case to the Central District of California.  See Jones, 211 F.3d at 1106.

## DEFENDANT'S MOTION TO DISMISS

Since the Court will transfer this case to the Central District, it would be inappropriate to rule on Wells Fargo's Rule 12(b)(6) motion to dismiss.  The Court will take no action and leave the matter for the Central District.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk shall formally DISMISS Defendants Nelia Lopez and Brian Buchanan without prejudice due to their automatic dismissals under Federal Rule of Civil Procedure 41(a)(1)(A)(i);
2. Defendant Wells Fargo's motion to transfer venue under 28 U.S.C. § 1404(a) is GRANTED;
3. The May 11, 2009, and June 1, 2009, hearing dates are VACATED; and
4. The Clerk shall TRANSFER this case forthwith to the Federal Central District of California.

IT IS SO ORDERED.

Dated:   **May 5, 2009**           /s/ Anthony W. Ishii
                                   CHIEF UNITED STATES DISTRICT JUDGE